# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

GARY GRAYHAM, )
 )
       Petitioner, )
 )
v. ) Case No. CIV 06-381-RAW-KEW
 )
JUSTIN JONES, DOC DIRECTOR, )
 )
       Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner alleges that on April 28, 2006, while incarcerated at the Lawton Community Corrections Center, he received a misconduct for the offense of Battery on Staff. He was found guilty, and his punishment included the loss of 365 earned credits and a demotion in his earned credit level. His administrative appeal determined he was not provided due process in the disciplinary proceeding in Lawton, so a rehearing was held after he was transferred to Howard McLeod Correctional Center. Petitioner claims he was not allowed to present relevant documentary evidence at the rehearing or to call witnesses from the Lawton facility who would have supported his innocence.

The respondent has filed a motion to dismiss (Docket #6), alleging petitioner has exhausted his administrative remedies for the misconduct conviction, but he has not exhausted his state judicial remedies under Okla. Stat. tit. 57, § 564.1. Petitioner has not responded to the motion.

The record shows that petitioner received a disciplinary report for Battery of Staff on April 28, 2006, after he repeatedly elbowed an officer. Petitioner was present at his June 1, 2006, rehearing in which he was found guilty. The facility head approved that determination on June 5, 2006, and petitioner's final administrative appeal was denied on August 8, 2006.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731.

In those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1. The statute specifically requires the state court to determine whether due process was provided. Okla. Stat. tit. 57, § 564.1(D).

Petitioner's failure to pursue his state court remedies is complicated by the fact that it now is too late for him to file a petition for judicial review. Under § 564.1(A)(1) he had 90 days from the date he was notified of the DOC's final decision in the disciplinary appeal process. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007). (citing *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2387 (2006)). *See also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a "procedural bar . . . gives rise to exhaustion

2

[and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003).

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus (Docket #6) is GRANTED, and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this 10th day of September 2007.

**Dated this 10th Day of September 2007.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma